[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 8, 2006
THOMAS K. KAHN
CLERK

No. 06-12803
Non-Argument Calendar

_____

D. C. Docket No. 04-00716-CV-1-WKW-SRW

ANTHONY KEITH,

Plaintiff-Appellant,

versus

MGA, INC.,
and all Holding Companies
and affiliated entities,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(November 8, 2006)**

Before BLACK, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Anthony Keith, an African American, appeals an order of the district court that granted summary judgment in favor of his former employer, MGA, Inc. Keith filed a complaint against MGA in which he alleged discriminatory termination, 42 U.S.C. §§ 1981, 2000e-2(a)(1); retaliatory termination, 42 U.S.C. § 2000e-3(a); and hostile work environment, 42 U.S.C. § 2000e-2(a)(1). Keith also appeals the decision of the district court to deny, in part, his motion to compel discovery. We affirm the grant of summary judgment and hold that Keith is unable to appeal the denial, in part, of his motion to compel discovery.

## I. BACKGROUND

In 1994 Keith was hired by Joe Malugen, co-founder and CEO of MGA, to work as a law clerk in the legal department pending Keith's passage of the Alabama bar. Keith failed the bar and was transferred to the real estate department, where he worked until February 2000. During that time, Keith received five separate pay raises.

Keith left the real estate department in February 2000 when the position of legal assistant was created specially for him. This job was not posted. In May 2000, Keith was given another pay raise. In August 2002, Keith was transferred back to the real estate department and given a promotion and an $8000 pay raise. He remained in the real estate department until his termination in 2003.

On numerous occasions during Keith's employment at MGA, Malugen provided Keith with personal financial assistance. Malugen personally paid for Keith's wedding in Las Vegas, wedding reception in Dothan, Alabama, and honeymoon. Malugen let Keith use Malugen's Florida lake house on several occasions. Malugen also loaned money to Keith more than once. He loaned Keith $7500 to buy land in Headland, Alabama, and $27,000 to campaign for the Alabama House of Representatives, but neither of these loans were repaid. Malugen also donated $1000, at Keith's request, to the church attended by Keith's mother.

On two occasions in late 2000, Keith received warnings after female employees of MGA complained that he sent them sexually inappropriate e-mails. On September 27, Keith received a verbal reprimand for sending one such e-mail. Less than two weeks later Keith sent another. He then received a formal written warning that stated, among other things, that future violations of this sort "could result in immediate termination."

On several occasions during his employment with MGA, Keith complained of racial discrimination. In 1996 or 1997, he complained to Malugen about a promotion another employee received and about the compensation of a black female employee. In 1999, he complained to Malugen that white employees were

being promoted to positions not posted within the company. In 2000, he again complained about racial disparities. Around 2002, Keith spoke with Malugen about the lack of black executives at MGA. And in July 2003, Keith wrote a letter to Malugen complaining about racial disparities at MGA with regard to pay and promotion.

This last complaint prompted MGA to launch an internal investigation. As part of that investigation Keith provided Christa Forrester, in-house counsel for MGA, with a list of employees he believed might support his charges of racial discrimination. One of those employees, Nicole Wilkinson, stated she did not have any concerns about racial discrimination at MGA, but went on to complain that Keith had subjected her and other female employees to unwanted conduct of a sexual nature. Wilkinson provided Forrester with the names of other female employees she believed had been harassed by Keith. Forrester and Karla McCormick, the human resources director for MGA, proceeded to investigate Wilkinson's claims, and spoke with three other female employees who complained about unwanted sexual behavior by Keith.

After speaking with these employees, Forrester recommended that Malugen fire Keith. MGA had previously terminated 22 employees after allegations of sexual harassment. Malugen reviewed the written statements submitted by the

female employees and the previous reprimands Keith had received for violating the company e-mail policy. On November 5, 2003, Malugen fired Keith. Eight days later, Keith filed a charge with the Equal Employment Opportunity Commission in which he alleged that he had been terminated because of his race and in retaliation for complaining about discrimination, and that he had been subjected to a hostile work environment. That charge was dismissed on May 5, 2004.

On July 27, 2004, Keith filed a complaint in federal district court raising the same allegations. Keith filed a motion to compel the production of e-mails from eight MGA executives. The magistrate judge denied the motion in part but ordered MGA to produce those e-mails that, like Keith's, resulted in complaints from the employees who received them. MGA later moved for summary judgment against all of Keith's claims. The district court granted the motion and concluded that Keith had not made a prima facie showing on any of his claims.

## II. STANDARD OF REVIEW

We review a grant of summary judgment de novo. Breda v. Wolf Camera & Video, 222 F.3d 886, 888 (11th Cir. 2000). We review the record and draw all inferences from it in the light most favorable to the non-moving party. Id. A denial of a motion to compel discovery is reviewed for abuse of discretion. Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1285 (11th Cir. 2001).

## III. DISCUSSION

Keith makes two arguments on appeal. First, Keith argues that he established a prima facie case of discriminatory termination, retaliatory termination, and a hostile work environment. Second, Keith argues that the district court erred when it denied, in part, his motion to compel discovery. Each issue is addressed in turn.

### A. Keith Failed to Present a Prima Facie Case of Discrimination, Retaliation, or a Hostile Work Environment.

Keith brings claims under both Title VII and 42 U.S.C. section 1981. Because these claims "have the same requirements of proof and use the same analytical framework," we will "explicitly address the Title VII claim with the understanding that the analysis applies to the § 1981 claim as well." Standard v. A.B.E.L. Services, Inc., 161 F.3d 1318, 1330 (11th Cir. 1998). Keith presented only circumstantial evidence in support of his complaint, and he asks that we evaluate his evidence under the McDonnell Douglas burden-shifting test. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973). Under this test, Keith had the initial burden of establishing a prima facie case for each of his claims. Id. at 802; 93 S. Ct. at 1824.

Keith failed to establish a prima facie case of discriminatory termination. A

6

prima facie case requires that a plaintiff present evidence that (1) he belongs to a protected class; (2) he was subjected to an adverse employment action; (3) he was qualified to do the job; and (4) his employer treated similarly situated employees outside his classification more favorably. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004). The district court correctly concluded that this fourth element required Keith to establish that similarly situated non-African American employees were retained despite the fact that complaints alleging sexually inappropriate behavior were made against them. See Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999) ("[T]he quantity and quality of the comparator's misconduct [must] be nearly identical to prevent courts from second-guessing employers' reasonable decisions[.]"). Keith failed to produce any evidence of this kind.

Keith also failed to establish a prima facie case of retaliatory termination. A prima facie case requires that a plaintiff show "(1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) there is some causal connection between the two events." Olmsted v. Taco Bell Corp., 141 F.3d 1457, 1460 (11th Cir. 1998). Keith presented no evidence in support of this third requirement. He was fired four months after making the July 2003 complaint, and in the absence of any other causal evidence, a four-month gap cannot, by itself,

7

establish that Keith was fired because of the complaint. See Higdon v. Jackson, 393 F.3d 1211, 1220-21 (11th Cir. 2004); cf. Clark County School District v. Breeden, 532 U.S. 268, 273, 121 S. Ct. 1508, 1511 (2001). Keith complained of discrimination on several other occasions, yet continued to receive promotions and pay raises after those complaints. This evidence further militates against finding a causal link between the July 2003 complaint and his termination.

Finally, Keith failed to establish a prima case of hostile work environment. A prima facie case requires that a plaintiff present evidence that (1) he belongs to a protected group; (2) he has been subject to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment "was sufficiently severe or pervasive [as] to alter the terms or conditions of employment and create a discriminatorily abusive working environment;" and (5) the employer is either directly or vicariously responsible for such environment. Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002). Keith presented no evidence of severe or pervasive harassment. Keith argues that all of the executives of MGA are white, there is no formal plan or program for recruiting minority employees, and MGA refused to produce the resumes of its management and executives, but this argument fails. Keith received multiple promotions and pay raises, had an unposted job created specially for him, and never alleged that he

8

was subjected to racial slurs, physical threats, or other harassment that might interfere with performance of his duties.

*B. Keith Waived Any Argument About the Denial, in Part,*
*of His Motion to Compel Discovery.*

Keith failed to preserve his remaining argument about discovery. Federal Rule of Civil Procedure 72(a) states, "Within 10 days after being served with a copy of [a] magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order[.]" After Magistrate Judge Walker denied, in part, Keith's motion to compel discovery, Keith failed to object within the allotted period. Keith waived his right to complain that the magistrate judge abused her discretion. See Maynard v. Board of Regents, 342 F.3d 1281, 1286 (11th Cir. 2003).

## IV. CONCLUSION

The order of the district court granting summary judgment for MGA is **AFFIRMED.**